**JUSTIN M. BAXTER**
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
    Attorney for Plaintiff April Hettman

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| APRIL HETTMAN,<br>formerly April Manning,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br>a foreign limited liability company, TRANS<br>UNION LLC, a foreign limited liability company,<br><br>        Defendants. | Case No. CV 08-1174-AC<br><br>DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS |

    I, Justin M. Baxter, declare under penalty of perjury under the laws of the State of

Oregon that the foregoing is true and correct, and this declaration was executed on June 4, 2010

in Portland, Oregon:

    1.  I am the attorney for plaintiff in this civil action.  I am a member of the Oregon State

Bar in good standing.  I make this declaration on the basis of personal knowledge, and if called

as a witness I could and would testify competently thereto under oath.

Page 1    DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S
        MOTION FOR SANCTIONS

2. The attorneys for the remaining parties in this case (plaintiff and Equifax) scheduled the Fed. R. Civ. Proc. 30(B)(6) deposition of Equifax's corporate representative for January 8, 2010. On the evening of January 7, 2010, Equifax produced to plaintiff 285 pages of new documents, including hundreds of pages of "frozen scans." Frozen scans are essentially monthly snapshots of the information in a particular credit file. Frozen scans are extremely important documents in this type of case, because they help to explain apparent deletion and reappearance of false accounts from a particular consumer's credit reports. They are extremely time consuming to review because they are heavily coded, and must be compared to similar records in chronological order. In this case, there were at least four separate credit files or "fragment files" that were associated with the plaintiff, Ms. Hettman.

3. Due to snow in Atlanta, Georgia, where the witness and Equifax's national counsel are located, the deposition was cancelled. The parties rescheduled the deposition to take place on February 4, 2010. On the evening of February 3, 2010, defendant Equifax produced 178 pages of additional frozen scans to plaintiff's counsel.

4. The parties convened the deposition on February 4, 2010. Equifax produced Lisa Willis as its corporate representative, and plaintiff deposed her on the documents that had been previously produced in the case. Equifax stipulated to a continuance of that deposition in light of the late produced documents. Additionally, during the first deposition, Ms. Willis could not answer questions about topics set forth in the deposition notice. The witness indicated that a separate corporate representative from the systems department would have to be designated to answer certain questions.

5. The Court granted an extension of the discovery cut off in order that plaintiff could complete the continuation of Ms. Willis's deposition, as well as to conduct a supplemental

Page 2    DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S
         MOTION FOR SANCTIONS

deposition of a witness from the systems department.

6. Plaintiff requested dates from Equifax's counsel to convene the two depositions. On February 26, 2010, plaintiff's counsel emailed Equifax's counsel "Can I get some availability for the continuation depo's in this case?" There was no response. A true copy of the printed email is attached as Exhibit 1.

7. On March 12, plaintiff's counsel emailed Equifax's counsel "I have not received any dates for Equifax's depositions in this case. If I can't get some mutually agreeable dates by Monday or Tuesday, I'll need to notice deps. Let me know." There was no response. A true copy of the printed email is attached as Exhibit 2.

8. Having received no responses to the prior inquiries, plaintiff noticed the depositions. On March 18, 2010, plaintiff served deposition notices for April 8, 2010, the last day of discovery under the scheduling order in effect at that time. The notices were sent via first class mail and email. A true copy of the printed email is attached as Exhibit 3, and true copies of the deposition notices are attached as Exhibits 4 and 5.

9. On April 7, 2010, Equifax's counsel called plaintiff's counsel and requested that the depositions be rescheduled. Because the discovery cut off was the next day, plaintiff could not agree unless the discovery deadline was extended. Plaintiff's counsel consented to the filing of an unopposed motion for extension of the discovery deadline; however, made clear that if the motion was not granted by the next day (or that there was at least some assurance that the motion would be granted), plaintiff intended to go forward with the depositions as noticed on April 8, 2010. The motion was filed, but the Court did not grant the motion. Rather, the Court scheduled a hearing on the motion for the following week. Consequently, the depositions remained on the calendar as noticed.

Page 3    DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S
         MOTION FOR SANCTIONS

10. Plaintiff's counsel prepared for the depositions, and retained a court reporter in Atlanta, to transcribe the proceedings. On the morning of April 8, 2010, the court reporter called plaintiff's counsel to report that she was at the King & Spalding offices, but no one there knew of any depositions in this case. Plaintiff's attorney called Equifax's attorney who stated that no witness would be produced for deposition in light of the pending motion for extension.

11. The following week, the Court allowed the motion for extension, but made clear that no further extensions would be granted in the case. Plaintiff's counsel emailed Equifax's counsel on April 15, 2010 and asked "Can you provide me with some available dates for Lisa Willis and Phyllis Dorman?" There was no response. A true copy of the printed email is attached as Exhibit 6.

12. On April 20, 2010, plaintiff's counsel emailed Equifax's counsel "Can I get some dates for Willis & Dorman deps?" There was no response. A true copy of the printed email is attached as Exhibit 7.

13. Having received no response, plaintiff's counsel noticed the depositions of Ms. Willis and Ms. Dorman for May 20, 2010 and May 21, 2010. Plaintiff transmitted the notices by mail and email. Plaintiff's counsel emailed Equifax's attorneys "I haven't heard back from you on dates for depos in this case, so I am noticing them for late May. I am open to moving them to accommodate you and your witnesses. Also please find attached plaintiff's second interrogatories." There was no response. Equifax did not object to the deposition dates, the substance of the notices, or respond to the interrogatories. A true copy of the printed email is attached as Exhibit 8, and true copies of the deposition notices are attached as Exhibits 9 and 10.

14. On May 4, 2010, plaintiff's counsel again emailed Equifax's counsel "I'm following up on the several voicemails and emails I've left for you in the last couple of weeks. Can you

Page 4    DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S
         MOTION FOR SANCTIONS

confirm your witnesses' availability for these depositions?  I am open to resetting the dates (within the discovery cutoff), but I don't want to do another round of wasted depo prep.  Please advise."  There was no response.  A true copy of the printed email is attached as Exhibit 11.

15.  On May 8, 2010, plaintiff's counsel emailed Equifax's counsel "Can I get a response to my recent emails and phone messages?" A true copy of the printed email is attached as Exhibit 12.  On May 11, 2010, plaintiff's counsel emailed Equifax's counsel "I have been trying to reach you for several weeks.  Please give me a call."  There was no response.  A true copy of the printed email is attached as Exhibit 13.

16.  On May 14, 2010, plaintiff's counsel emailed Equifax's counsel "I have not heard from you in response to my repeated emails and phone messages.  I plan to proceed with the depositions noticed for next Thursday and Friday."  There was no response.  A true copy of the printed email is attached as Exhibit 14.

17.  On May 18, Equifax's counsel called plaintiff's counsel, requesting that the depositions again be rescheduled, purportedly for the purpose of pursuing settlement negotiations.  Equifax's attorney assured plaintiff's counsel that if settlement was not reached, the depositions would take place the week of June 1, 2010, i.e., two weeks later.  Plaintiff's counsel agreed.  No settlement negotiations occurred.

18.  On May 20, 2010, plaintiff's counsel emailed Equifax's counsel "If this case isn't going to settle, I'd like some dates on the calendar for Margaret Leslie and Lisa Willis.  As we discussed I am generally available for two half days the week of 6/1.  I would like to start at noon your time.  Please let me know your witnesses' availability."  There was no response. A true copy of the printed email is attached as Exhibit 15.

19.  On May 24, 2010, plaintiff's counsel emailed Equifax's counsel "I haven't received

any new dates on these depositions from you, nor have I heard whether Equifax accepts our settlement offer. I am going to notice the depositions for next Tuesday and Thursday beginning at noon your time. I'm assuming based upon our phone conversation that Equifax will not object based upon the week's notice. If you have alternate dates for next week, please let me know by the end of the day." There was no response. A true copy of the printed email is attached as Exhibit 16.

20. At the end of the Atlanta business day on May 24, 2010, plaintiff sent deposition notices to Equifax's attorneys by mail and email. Plaintiff's counsel emailed Equifax's attorneys "Hard copies [of the deposition notices] to follow by mail. My intent here is to depose Margaret Leslie on Tuesday and Lisa Willis on Thursday." There was no response. A true copy of the printed email is attached as Exhibit 17, and true copies of the deposition notices are attached as Exhibits 18 and 19.

21. On May 26, 2010, plaintiff emailed Equifax's counsel "The responses to the second interrogatories were due yesterday. Could you email me the responses so that I can have them in advance of next week's depositions?" There was no response. A true copy of the printed email is attached as Exhibit 20. On May 27, 2010, plaintiff's counsel emailed Equifax's counsel "Can I get those [interrogatory responses] by email today?" There was no response. A true copy of the printed email is attached as Exhibit 21.

22. On May 28, 2010, plaintiff's counsel emailed Equifax's counsel "Following up the voicemail I just left. Please email me with the call in number for Tuesday's deposition of Margaret Leslie. I have noticed the deposition to start at noon your time." There was no response. A true copy of the printed email is attached as Exhibit 22.

23. On May 31, 2010, plaintiff's counsel emailed Equifax's counsel "Since we have not

spoken on this case since 5/18, I am assuming that we are going forward with Margaret Leslie's deposition tomorrow and Lisa Willis's deposition on Thursday. The court reporter will be at your office at noon both days." There was no response. A true copy of the printed email is attached as Exhibit 23.

24. Plaintiff's counsel prepared for the deposition. On June 1, 2010, the day noticed for Ms. Leslie's deposition, the court reporter again appeared at the King & Spalding offices. Plaintiff's attorney emailed defendant's attorney "Can I get a call in number for today?" A true copy of the printed email is attached as Exhibit 24.

25. Equifax's attorney called plaintiff's attorney and stated that she had mistakenly calendared the depositions for Thursday and Friday of that week. Though that is not consistent with the deposition notices or the series of emails in the weeks before the deposition, plaintiff's counsel agreed to reschedule Ms. Leslie's deposition for Friday, June 4, 2010, or possibly Monday, June 7, 2010. Plaintiff's counsel has multi-day depositions scheduled in two other cases the following two weeks and could not delay the depositions any longer within the discovery cut off. The parties did not discuss rescheduling Ms. Willis's deposition.

26. The Court convened oral argument on plaintiff's motion to compel responses to the overdue interrogatories on June 1, 2010. During that hearing, the parties repeatedly confirmed that Ms. Willis's deposition was going forward on Thursday, June 3, 2010.

27. On June 2, 2010, plaintiff's counsel emailed Equifax's counsel "I have not heard from you regarding a new deposition date for Margaret Leslie. When we spoke on Tuesday, you indicated that you had mistakenly calendared these depositions for Thursday and Friday of this week. Accordingly, I am issuing a Third Amended Notice of Deposition for Margaret to start at your office at noon your time on Friday, June 4. * * * I still have not heard back from you on

Page 7    DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S
         MOTION FOR SANCTIONS

my earlier emails and voicemails requesting a call-in number for tomorrow's deposition of Lisa Willis. Please make sure she has a complete copy of all of the EIS documents, including all three sets of scans, as well as plaintiff's documents." There was no response. A true copy of the printed email is attached as Exhibit 25, and a true copy of the deposition notice is attached as Exhibit 26.[1]

28. On June 3, 2010, Equifax's counsel emailed plaintiff's counsel and inquired whether Friday, June 4 and Monday, June 7, 2010 were still available, ostensibly for the purpose of rescheduling Ms. Leslie's deposition which had not taken place on June 1, 2010.[2] Plaintiff's counsel responded via email "I am available tomorrow, and in fact I noticed Margaret Leslie for deposition tomorrow at noon your time. I still intend to take Lisa Willis's deposition today, and the court reporter just called to say she is at your office now." A true copy of the printed email is attached as Exhibit 27.

29. Shortly after that email exchange, on June 3, 2010, the court reporter appeared at the King & Spalding offices. For the third time in this case, Equifax failed to produce a witness for a noticed deposition, not having made any objection to the deposition dates. Plaintiff's counsel dismissed the court reporter. Plaintiff's counsel sent Equifax's counsel and email "This is to confirm that Equifax did not produce a witness for today's deposition. This is the third time that I have noticed a deposition, had a court reporter at King & Spalding, and had no witness produced. This is also to confirm that we have conferred on a motion for sanctions under FRCP 37 along the lines of the Williams case. I'm sorry it has come to this." A true copy of the

---

[1] The Third Amended Deposition Notice incorrectly reads "Second Amended" in the caption section, but "Third Amended" in the footer.

printed email is attached as Exhibit 28.

30. The morning of June 4, 2010, Equifax's attorney emailed plaintiff's attorney and inquired about rescheduling Ms. Leslie's deposition. Plaintiff's attorney responded via email "Sorry, I don't have that time slot anymore on Monday. Are you producing a witness today or should I call off the court reporter? If Margaret is ready to go, I need a call in number." A true copy of the printed email is attached as Exhibit 29.

31. Shortly after that email exchange, on June 4, 2010, the court reporter appeared at the King & Spalding offices. For the fourth time in this case, Equifax failed to produce a witness for a noticed deposition. Plaintiff's counsel dismissed the court reporter. Had Equifax's counsel responded to the earlier email that morning, plaintiff could have at least called off the court reporter, and avoided incurring yet another no-show fee. Plaintiff has incurred $556.54 in cancellation fees for court reporters. True copies of those invoices are attached as Exhibit 30.

32. On June 1, 2010, the Court convened oral argument on plaintiff's motion to compel responses to interrogatories. The parties confirmed that Lisa Willis's deposition was going forward on Thursday, June 3, 2010.

34. The following day, on June 4, 2010, Equifax again failed to produce Margaret Leslie for her deposition. Ms. Leslie had already failed to appear for her deposition on June 1, 2010. At that time, Equifax's attorney explained that she had mistakenly calendared the depositions for Thursday and Friday of that week. As a courtesy to Equifax, plaintiff's counsel re-noticed Ms. Leslie's deposition for Friday, June 4, 2010. Plaintiff's counsel confirmed this in two different emails. Defendant did not respond or object. On the day of the deposition, Equifax failed to

---

[2] Plaintiff has redacted the text of the email from Equifax's counsel in light of the confidentiality notice.

Page 9    DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S
         MOTION FOR SANCTIONS

produce Ms. Leslie for her deposition.

35. In Faille v. Equifax, U.S. Dist. Court (E.D. Va.) Case No. 3:06-cv-617, the Honorable Robert Payne required Kent Mast (Equifax's general counsel) and Richard Smith (as personal representative of Equifax's CEO) to personally appear before him to answer for failure to comply with court orders and discovery. Equifax narrowly avoided formal sanctions because Messrs. Mast and Smith assured Judge Payne that Equifax "recognizes the impropriety and inappropriateness of the discovery conduct outlined in the motions for sanctions." A true copy of the transcript from the hearing is attached as Exhibit 31.

36. In Robinson v. Equifax, U.S. Dist. Court (E.D. Va.) Case No. 1:06-cv-1336, the Honorable T. Rawles Jones, Jr., chastised Equifax for similar discovery tactics, including untimely production of frozen scans, failure to respond to interrogatories, and failure to produce witnesses for deposition. Judge Jones stated: "[W]hat Equifax has done and not done in this case is simply not acceptable. It is completely at odds with the established customs and practices of this division. It is completely at odds with the standards to which the Curt as a whole, not just this division hold counsel and their clients to get discovery done in an appropriate and timely matter so that the case can be litigated on its merits." A true copy of the transcript from the hearing is attached as Exhibit 32.

37. In Williams v. Equifax, Orange County Circuit Court (Florida) Case No. 48-2003-CA-9035-O, the Honorable George A. Sprinkel IV entered an order striking Equifax's answer and affirmative defenses because of discovery abuses. As in this case, Equifax was found to have failed to timely produce frozen scans. A true copy of the Order is attached as Exhibit 33. In his written opinion, Judge Sprinkel noted that the conduct was not isolated, citing Moore v. Equifax, U.S. District Court (E.D. Tex) Case No. 2:02-cv-303.

38. In Moore, the Honorable T. John Ward, of the Eastern District of Texas considered a motion for sanctions based upon Equifax's failure to produce witnesses for deposition. Judge Ward first required Equifax to produce witnesses in Shreveport, LA, at Equifax's expense. Judge Ward then stated: "But let me tell you that the next sanction if your client fails to comply with this sanction, will be even more severe. It will be more in the nature of striking defenses and if that doesn't get their attention then we will just enter a judgment by default on liability." A true copy of the transcript from the hearing is attached as Exhibit 34.

39. A true copy of the transcript from the hearing on plaintiff's motion to compel in this case is attached as Exhibit 35.

DATED this 4th day of June, 2010.

/s/ Justin M. Baxter

_____
Justin M. Baxter, OSB #99217
justin@baxterlaw.com
(503) 297-9031 (Telephone)
(503) 291-9172 (Facsimile)
Of Attorney for Plaintiff April Hettman

Page 11    DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S
           MOTION FOR SANCTIONS

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DECLARATION OF JUSTIN M. BAXTER IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS on:

Jeffrey M. Edelson
Markowitz, Herbold, Glade & Mehlhaf, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204

Ann Broussard
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521

    Counsel for Defendant Equifax Information Services, LLC

[X]  Via First Class Mail

[ ]  Via Hand Delivery

[ ]  Via Email (CM/ECF)

DATED this 4th day of June, 2010.

/s/ Justin M. Baxter

_____
Justin M. Baxter, OSB #99217
justin@baxterlaw.com
(503) 297-9031 (Telephone)
(503) 291-9172 (Facsimile)
Of Attorney for Plaintiff April Hettman